**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA M. GRANT<br>for deceased MELVIN L. GRANT,<br><br>               Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of the Social Security,<br><br>               Defendant. | CASE NO. CV 13-07762 RZ<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO PROSECUTE |

      The Court dismisses this action for Plaintiff's failure to prosecute. The Court explained the following background information in its May 6, 2014 Order To Show Cause Re Dismissal For Failure To Prosecute:

      On March 24, 2014, the Court granted Plaintiff's Request for Extension of Time to File a Memorandum in Support of Complaint until April 21, 2014. The docket sheet shows that, as late as the date of this Order, Plaintiff has not filed a Memorandum in Support of Plaintiff's Complaint. Plaintiff has failed to comply with the Court's order.

      Accordingly, IT IS ORDERED that within 20 days of the filing date of this Order, Plaintiff shall show cause in writing why this action should not be

dismissed. If Plaintiff fails to file a written objection to dismissal of this action within the time specified, it will be deemed to be consent to a dismissal as against Defendant. The filing of a Plaintiff's Memorandum in Support of Complaint within 20 days, shall discharge the order to show cause.

The Court has received nothing from Plaintiff since the OSC. Assuming that she wanted to continue to pursue this action, Plaintiff was obligated to comply with the Court's order. Failure of a party to comply with an order of the court constitutes grounds for dismissal pursuant to Federal Rule of Civil Procedure 41(b). *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*following Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). Furthermore, a court possesses the inherent power to dismiss, *sua sponte*, for lack of prosecution any action which has remained dormant because of the inaction or dilatoriness of the parties seeking relief. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). The exercise of such power is recognized as necessary to achieve the orderly and expeditious disposition of cases. *Id*. The Local Rules of this Court further implement the policy of dismissing an action which the plaintiff has failed to prosecute diligently. CIV. L.R. 41.

Although given the opportunity, Plaintiff has shown no cause why the action should not be dismissed. Accordingly, the action is DISMISSED for failure to prosecute.

DATED: June 12, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE